D E B E V O I S E   &   P L I M P T O N   LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

June 14, 2012

Honorable Leonard D. Wexler
U.S. District Judge
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Verizon New York, Inc., et al. v. Village of Westhampton Beach, et al., 11-cv-252
(LDW)**

Dear Judge Wexler:

We represent Verizon New York, Inc. ("Verizon") in the above-referenced action.
I write in reply to the letter to the Court dated June 7, 2012, sent by counsel for the
Village of Westhampton Beach (the "Village").  Specifically, I write to clarify the record
with respect to our letter exchanges with Westhampton Beach regarding the issuance of
licenses to attach lechis to poles within the Village, and the extent to which a controversy
exists that must be resolved before the licenses are issued.

As the Court is aware, the Village has stated on numerous occasions that it has
taken no official position regarding the issuance of licenses to attach lechis to Verizon's
telephone poles.  It has further argued in its pending motions to dismiss that there is no
issue that is ripe for decision by this Court.

Verizon has attempted for more than a year to obtain clarification of the Village's
position.  As the communications between Verizon and Westhampton Beach
demonstrate, Verizon offered to defer the issuance of licenses if the Village would
acknowledge that it has an objection that is ripe for decision and if the Village would
submit its objection for resolution by this Court.  Verizon also made clear, however, that
if the Village persisted in arguing that it was taking no official position, and that there
was no issue that was ripe for decision, Verizon would simply issue the licenses.

In its recent letter, the Village seeks to have it both ways.  It has argued that
Verizon lacks the authority to issue licenses, but only as an alternative ground for its
motion to dismiss.  Its primary argument continues to be that the Village has taken no
official position and that there is no issue for this Court to decide.  While the Village
purports in its letter to agree to the litigation of the issues raised in the motions to dismiss,

New York • Washington, D.C. • London • Paris • Frankfurt • Moscow • Hong Kong • Shanghai

Honorable Leonard D. Wexler                    2                          June 14, 2012

the letter makes clear that the primary issue that the Village wants to "litigate" is the issue
of whether there is any dispute for this Court to resolve.  To that end, the Village
continues to maintain that "[t]he Village to date, has taken no official action with regard
to the proposed eruv."

       Verizon believes that no meaningful purpose is served by postponing the issuance
of the licenses in the absence of a clear statement by the Village that it actually has an
objection to their issuance and that it agrees that the objection is ripe for decision by this
Court.[1]  Accordingly, in the absence of such a clear statement, Verizon intends to issue
attachment licenses to the East End Eruv Association on Tuesday, June 19, 2012.

                             Respectfully submitted,

                             /s/ Michael E. Wiles

                             Michael E. Wiles

cc:       All counsel of record

---

[1]    This Court made similar observations in an earlier status conference.  *See* Tr. of
December 9, 2011 Status Conference at 23:7-11, 19-21 ("Then [move forward,]
please.  Do what you want.  I'm trying to make it easier for everybody so everybody
will make a decision which way, nobody wants to make a decision.  So, therefore,
I'm not telling you what to do. . . . Don't worry about what [Westhampton Beach]
may.  Do it and see.  You haven't done it yet.  Time is running.").