UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VERIZON NEW YORK INC. and LONG ISLAND
LIGHTING COMPANY d/b/a LIPA,

                        Plaintiffs,

-against-

THE VILLAGE OF WESTHAMPTON BEACH,
THE VILLAGE OF QUOGUE and THE TOWN
OF SOUTHAMPTON,

                        Defendants.

11-CV-252 (LDW)

**ANSWER TO COUNTERCLAIMS**

## ANSWER OF LONG ISLAND LIGHTING COMPANY d/b/a LIPA TO COUNTERCLAIMS FILED BY THE VILLAGE OF WESTHAMPTON BEACH

Plaintiff/Counterclaim Defendant LONG ISLAND LIGHTING COMPANY d/b/a LIPA ("LIPA"), by and through its undersigned attorneys, as and for its Answer to the counterclaims (the "Counterclaims") asserted by Defendant/Counterclaim Plaintiff THE VILLAGE OF WESTHAMPTON BEACH ("WHB"), states as follows:

1. The Long Island Power Authority ("LIPA") admits that the EEEA seeks to establish an eruv, part or all of which would be located in the Village of Westhampton Beach.

2. LIPA admits that the EEEA claims an eruv is a defined area that enables members of the Jewish faith with certain religious beliefs to carry or push objects within that area on the Sabbath and Yom Kippur. LIPA otherwise denies the allegation as LIPA is without sufficient knowledge to form a belief as to the EEEA's full claims regarding the religious significance of an eruv.

3. LIPA admits that the EEEA has asked Verizon and LIPA to allow the EEEA to attach thin strips, known as lechis, to utility poles; LIPA admits LIPA and Verizon have entered

into written agreements with EEEA that contemplate issuing licenses to allow the attachment of lechis to certain poles; and admits that some of the telephone and utility poles are located in the Village of Westhampton Beach, but LIPA otherwise denies the allegations.

     4.     LIPA admits that lechis could be visible to persons who closely inspect a utility pole, but otherwise denies the allegations.

     5.     LIPA denies the allegations.

     6.     LIPA admits that for members of the Jewish faith with certain religious beliefs an eruv is a defined area that enables them to carry or push objects within that area on the Sabbath and on Yom Kippur. LIPA otherwise denies the allegations as LIPA is without knowledge sufficient to form a belief as to the specific significance that an eruv carries for such members of the Jewish faith. The first sentence of paragraph six also states a legal conclusion as to which no response is required. To the extent a response is required, LIPA denies the allegations.

     7.     The terms "religious symbol" and "religious message" state legal conclusions as to which no response is required. The term "known to the general public" is so imprecise as to prevent a meaningful response. To the extent a response is required, upon information and belief, LIPA denies the allegations.

     8.     The term "the religious meaning of an eruv has been part of the public discourse" is so imprecise as to prevent a meaningful response. To the extent a response is required as to the first sentence, and as to all remaining allegations in the paragraph, upon information and belief LIPA denies the allegations.

     9.     The paragraph's assertion that existence of an eruv on public property would communicate endorsement states a legal conclusion as to which no response is required. To the

extent a response is required as to that allegation, and as to the remaining allegations, LIPA denies the allegations

10. LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to Verizon's intentions or purposes.

11. LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to Verizon's intentions.

12. These allegations state a legal conclusion as to which no response is required. To the extent a response is required, LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the existence, application and terms of the franchise agreements referenced.

13. LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the allegations.

14. LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the allegations. In any event, any franchise agreement or document speaks for itself and LIPA therefore denies the allegation to the degree it summarizes such agreement rather than presents its exact terms.

15. LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the allegations. In any event, any franchise agreement or document speaks for itself and LIPA therefore denies the allegation to the degree it summarizes such agreement rather than presents its exact terms.

16. LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the allegations. In any event, any franchise agreement or document speaks for itself

and LIPA therefore denies the allegation to the degree it summarizes such agreement rather than presents its exact terms.

17. LIPA denies the allegation as LIPA is without sufficient knowledge to form a belief as to the allegations. In any event, any franchise agreement or document speaks for itself and LIPA therefore denies the allegation to the degree it summarizes such agreement rather than presents its exact terms.

18. LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the allegation. In any event, any franchise agreement or document speaks for itself and LIPA therefore denies the allegation to the degree it summarizes such agreement rather than presents its exact terms.

19. LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the allegation. In any event, any franchise agreement or document speaks for itself and LIPA therefore denies the allegation to the degree it summarizes such agreement rather than presents its exact terms.

20. LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the allegation. In any event, any franchise agreement or document speaks for itself and LIPA therefore denies the allegation to the degree it summarizes such agreement rather than presents its exact terms.

21. LIPA admits that Verizon maintains it has sufficient legal authority to grant the EEEA licenses to attach lechis to its poles. LIPA otherwise denies the allegations as LIPA is without sufficient knowledge to form a belief as to the bases on which Verizon maintains that such authority exists.

22. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the allegations.

23. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the allegations.

24. LIPA admits that the allegation quotes in part from New York Transportation Corporations Law § 27. LIPA respectfully refers the Court to New York Transportation Corporations Law § 27 for a complete and accurate statement of its contents.

25. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the allegations.

26. LIPA denies the allegation as the allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegations as LIPA is without sufficient knowledge to form a belief as to the allegations.

27. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegation.

28. This allegation states legal conclusions to which no response is required. LIPA respectfully refers the Court to New York Transportation Corporations Law § 11(3) for a complete and accurate statement of its contents. To the extent a response is required, LIPA denies the allegation.

29. These allegations state legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegations except to the extent that they pertain to

Verizon's telephone poles, for which allegations LIPA lacks sufficient knowledge to form a belief as to the allegations and therefore denies them.

  30. These allegations state legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegations and respectfully refers the Court to the Franchise Agreement for a complete and accurate statement of its contents, which document speaks for itself.

  31. These allegations state legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegations and respectfully refers the Court to the Franchise Agreement for a complete and accurate statement of its contents, which document speaks for itself.

  32. LIPA admits that LILCO acquired certain Riverhead assets. LIPA admits LIPA acquired certain assets of LILCO. LIPA otherwise denies the allegations.

  33. These allegations state legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegations and respectfully refers the Court to the Franchise Agreement for a complete and accurate statement of its contents, which document speaks for itself.

  34. These allegations state legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegations and respectfully refers the Court to the Franchise Agreement for a complete and accurate statement of its contents, which document speaks for itself.

  35. These allegations state legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegations and respectfully refers the Court to the

franchise agreements for a complete and accurate statement of their contents, which documents speak for themselves.

## FIRST COUNTERCLAIM

36. In response to paragraph 36, LIPA incorporates its responses to paragraphs 1 through 35, as though fully set forth herein.

37. The paragraph contains allegations not directed toward LIPA, and thus no response is required. To the extent a response is required, LIPA denies the allegations.

38. The paragraph contains allegations not directed toward LIPA, and thus no response is required. To the extent a response is required, LIPA denies the allegations.

39. The paragraph contains allegations not directed toward LIPA, and thus no response is required. To the extent a response is required, LIPA denies the allegations.

40. The paragraph contains allegations not directed toward LIPA, and thus no response is required. To the extent a response is required, LIPA denies the allegations.

41. The paragraph contains allegations not directed toward LIPA, and thus no response is required. To the extent a response is required, LIPA denies the allegations.

42. The paragraph contains allegations not directed toward LIPA, and thus no response is required.

## SECOND COUNTERCLAIM

43. In response to paragraph 43, LIPA incorporates its responses to paragraphs 1 through 35, as though fully set forth herein.

44. LIPA admits that, upon appropriate clarification of the validity of the various legal claims that various entities have asserted, LIPA is prepared to issue licenses to allow lechis to be installed on certain utility poles within the Village of Westhampton Beach. LIPA otherwise denies the allegation.

45. LIPA admits that it maintains it has authority to issue licenses to allow lechis to be installed on certain utility poles. LIPA denies that the allegation fully sets forth the legal authority that LIPA possesses to issue licenses to allow lechis to be installed.

46. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegation.

47. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegation.

48. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegation.

49. LIPA admits that between LIPA and WHB there is an actual, justiciable controversy that is ripe for adjudication pursuant to 28 U.S.C. § 2201. LIPA otherwise denies the allegation.

## THIRD COUNTERCLAIM

50. In response to paragraph 50, LIPA incorporates its responses to paragraphs 1 through 35, as though fully set forth herein.

51. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegation.

52. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegation.

53. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegation.

54. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegation except as to whether religious symbols

are anywhere present on WHB public property, which is denied as LIPA is without sufficient knowledge to form a belief as to the allegation.

55. This allegation states legal conclusions regarding N.Y. Village Law Section 6-602 to which no response is required. To the extent a response is required, LIPA denies the allegation.

56. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegation.

## FOURTH COUNTERCLAIM

57. In response to paragraph 57, LIPA incorporates its responses to paragraphs 1 through 35, as though fully set forth herein.

58. LIPA admits that it is a corporate municipal instrumentality and political sub-division of the State of New York. LIPA denies that this description fully states the powers and legal status granted LIPA. The further allegations state legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegations.

59. This allegation states legal conclusions to which no response is required. To the extent a response is required, LIPA denies the allegation.

## PRAYER FOR RELIEF

LIPA denies that Westhampton Beach is entitled to any of the relief requested.

## DEFENSES AND AFFIRMATIVE DEFENSES

LIPA asserts the following defenses and/or affirmative defenses and reserves the right to assert other defenses and claims, including, without limitations, counterclaims, cross claims, and third-party claims, as and when appropriate and/or available in this or any other action. The statement of any defense herein does not assume the burden of proof for any issue as to which applicable law otherwise places the burden of proof on Plaintiff.

Except as expressly stated above, LIPA denies each and every allegation in WHB's Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

WHB lacks standing to assert some or all of the claims asserted in its Counterclaims.

### THIRD AFFIRMATIVE DEFENSE

WHB's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, acquiescence, license, and/or ratification, as well as other applicable equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE

LIPA erects and maintains utility poles under the authority granted under Section 1020, *et seq.* of the Public Authorities Law (the "LIPA Act") which grants LIPA general broad powers, including the power to "sell, convey, lease, exchange, transfer, abandon or otherwise dispose of, or mortgage, pledge or create a security interest in, all or any of its assets, properties or any interest therein, wherever situated" and the power "to make and execute agreements, contracts and other instruments necessary or convenient in the exercise of the powers and functions of the authority under this title." LIPA Act § 1020, *et seq.* In addition to the LIPA Act, the Public Authorities Accountability Act authorizes LIPA to dispose of its interests in property to others without limitations in purpose. *See* N.Y. Pub. Auth. Law §§ 2895-2897.

### FIFTH AFFIRMATIVE DEFENSE

Under New York State law, LIPA may enter into contractual arrangements with others for the use of space on its poles. *See New York Tel. Co. v. North Hempstead*, 86 Misc. 2d 487 (Nassau Co. 1975), *aff'd* 52 A.D.2d 934 (2d Dep't 1976), *modified* 41 N.Y.2d 691(1977).

**SIXTH AFFIRMATIVE DEFENSE**

Under New York State law, even if LIPA had installed its utility poles pursuant to a "franchise," which LIPA contests, the right to use utility poles would be subject only to such limitations as were expressly set forth in the franchise itself, and in the absence of an express limitation the utility would be free to issue licenses to other parties for the use of the utility's poles. *See North Hempstead*, 41 N.Y.2d at 698.

**SEVENTH AFFIRMATIVE DEFENSE**

Allowing the installation of lechis on utility poles that LIPA controls is a permissible accommodation of religious practice permitted under the First Amendment.

**EIGHTH AFFIRMATIVE DEFENSE**

Refusing to permit the EEEA to attach lechis to LIPA's poles exposes LIPA to claims that by refusing LIPA violated the First Amendment's Free Exercise Clause.

**PRAYER FOR RELIEF**

WHEREFORE, LIPA respectfully requests that the Court dismiss WHB's claims against LIPA; enter a judgment that Westhampton Beach takes nothing; award costs, disbursements, and attorneys' fees to LIPA; and grant LIPA all such other and further relief, whether in law or equity, to which LIPA is entitled and that the Court deems just and proper.

Dated: Uniondale, New York
August 2, 2012

/s/ Ronald J. Tenpas
Ronald J. Tenpas
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 739-5435
Facsimile: (202) 739-3001
Counsel for Long Island Lighting Company d/b/a LIPA

        LONG ISLAND POWER AUTHORITY
Michele A. Pincus
Associate General Counsel
333 Earle Ovington Blvd.
Uniondale, NY 11553
Telephone: (516) 719-9884
Facsimile: (516) 222-9137

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 2, 2012, the foregoing Answer of Long Island Lighting Company d/b/a LIPA to Counterclaims Filed by the Village of Westhampton Beach was electronically filed with the Clerk of the Court in accordance with the Eastern District's Rules on Electronic Service upon all counsel of record.

/s/ Ronald J. Tenpas
Ronald J. Tenpas
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-5435
Counsel for Plaintiff Long Island Lighting Company d/b/a LIPA