# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

March 20, 2013

Honorable Leonard D. Wexler
U.S. District Judge
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Verizon New York, Inc. v. The Village of Westhampton Beach, et al., No. 11-CV-252**

Dear Judge Wexler:

We represent Verizon New York Inc. ("Verizon") in the above-referenced action. Pursuant to this Court's February 4, 2013 Order, and in connection with the submission of the Joint Stipulation of Facts Regarding Verizon's and LIPA's Authority to License Attachments to Their Utility Poles (the "Stipulation"), enclosed please find Verizon's Proposed Conclusions of Law.

We also write regarding one "disputed" fact that does not appear in the Stipulation.

During the process of negotiating the terms of the Stipulation, Verizon requested that the Village of Quogue ("Quogue") stipulate that its mayor executed a municipal Pole Attachment Agreement with Verizon's predecessor, New York Telephone Company ("NYTC"). Quogue refused to stipulate to the execution of the Pole Attachment Agreement and its inclusion in the Stipulation.

The agreement at issue is dated April 4, 1986 and is signed by Quogue's then-Mayor, T. Decker Orr, on behalf of Quogue. It is a master agreement for the attachment of street lights to telephone poles, and a copy was produced by Verizon as part of its production of documents pursuant to the defendants' document requests. The agreement is readily admissible into evidence as a party admission under Fed. R. Evid. 801(d)(2). The agreement was signed by Quogue's then-mayor, and Quogue itself should have a copy of the agreement as well as subsequent attachments thereto. Verizon also has attached a true and correct copy of this agreement from its files to the Declaration of Erica S. Weisgerber. If there are any disputes regarding the document's authenticity, Verizon can authenticate the document, either by an affidavit or by live testimony from a Verizon employee who is familiar with the record-keeping practices of Verizon and who can attest to the agreement's authenticity.

Honorable Leonard D. Wexler                2                         March 20, 2013

Because the agreement can be readily authenticated and is admissible, Verizon respectfully submits that a trial should not be required simply because of the parties' inability to agree upon this one "disputed fact." Indeed, Quogue has not actually disputed the agreement's validity, but rather has merely refused to stipulate to it due to Quogue's counsel's own personal lack of knowledge about the document.

Thank you for your consideration of this matter.

                                        Respectfully submitted,

                                        /s/ Erica S. Weisgerber

                                        Erica S. Weisgerber
                                        Debevoise & Plimpton LLP
                                        *Attorneys for Verizon New York Inc.*